# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARREN FARRIS, Inmate #K77513,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)     **CIVIL NO. 03-748-DRH**<br>**ROGER E WALKER, BILLY J.** )<br>**GROANING, JR., WESLEY S. JONES,** )<br>**and THE ILLINOIS DEPARTMENT OF** )<br>**CORRECTIONS,** )<br>)<br>**Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, a former inmate in the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims.  *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

Plaintiff states that on July 21, 2003, he was sitting in the dining room, praying over his food, with his hands above his head in a gesture typical for prayer in the Moorish American Church. Defendant Jones asked Plaintiff to follow him out of the dining area.  Jones briefly spoke with another Corrections Officer then told Plaintiff to "cuff up."  Jones then took Plaintiff to segregation. The next day, Plaintiff was informed by letter that he was in disciplinary segregation for "Unauthorized Gang Activity" because his hand gesture in the cafeteria was considered a gang sign. At a subsequent hearing, despite a "validated statement" on Plaintiff's behalf by Chaplain Higgs, Plaintiff was found to have violated the prison regulation.  Plaintiff lost good time credit and was placed in disciplinary segregation.  Plaintiff argues that Defendants violated his rights under the First Amendment by punishing him for using his hands to gesture during prayer.  Although it is unclear, Plaintiff may also be challenging the proceeding that deprived him of good time credit.

*First Amendment Claim*

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley,* 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases).  On the other hand, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate*

*of Shabazz,* 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley,* 482 U.S. 78, 89 (1987)).  Such interests include inmate security and the proper allocation of limited prison resources.  *See id.* at 348, 352-53; *Turner,* 482 U.S. at 90; *Al-Alamin,* 926 F.2d at 686.  Based on these standards, Plaintiff's claim that his First Amendment rights were violated cannot be dismissed at this point in the litigation.  *See* 28 U.S.C. § 1915A.

### *Loss of Good Time Credit*

The proper method for challenging the revocation of good time credit is habeas corpus, but only after plaintiff has exhausted his remedies through the Illinois state courts.  *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995), *cert. denied*, 519 U.S. 833 (1996); *Viens v. Daniels,* 871 F.2d 1328, 1333-34 (7th Cir. 1989).  The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982).  The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 et seq. to consider the merits of plaintiff's claim.  Plaintiff must exhaust his state court remedies before bringing his claims to federal court.  Accordingly, Plaintiff's claim challenging the revocation of good time credit is **DISMISSED** from the action without prejudice to his filing the claim in state court.

### *Defendants*

Plaintiff names the Illinois Department of Corrections ("IDOC") as a defendant in the action. The Supreme Court has held that "neither a State nor its officials acting in their official capacities

are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Accordingly, the Illinois Department of Corrections is **DISMISSED** from the action.

Plaintiff also names Roger Walker, IDOC Director, as a defendant, but Plaintiff does make any specific allegations against him. "A defendant cannot be held liable for damages in a civil rights action for wrongs in which he had no personal involvement." *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Duncan v. Duckworth*, 644 F.2d 655-56 (7th Cir. 1981). Furthermore, "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). As such, Roger Walker is **DISMISSED** from the action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants ***Groaning and Jones***. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants ***Groaning and Jones*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of

computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** July 6, 2005.

/s/   David RHerndon
**DISTRICT JUDGE**