IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARREN D. FARRIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **03-748-DRH** |
| | ) |
| **ROGER E. WALKER, et al.,** | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

On December 7, 2005, notice of a hearing set for January 5, 2006, at 9:00 a.m., was mailed to all parties of record. **(Doc. 11).** Defense counsel appeared in Court on January 5, 2006. Defense counsel indicated that it was his understanding that plaintiff was released from prison and completely discharged from the state system in May 2005. There is no record of plaintiff in the Illinois Department fo Corrections inmate locator system.

A Court Security Officer, having been given a general description of plaintiff, combed the courthouse calling plaintiff's name and checking at both public entrances–all to no avail. After waiting 30 minutes, defense counsel orally moved for dismissal pursuant to Fed.R.Civ.P. 41(b), in light of plaintiff's failure to prosecute his case.

The notice sent to plaintiff was returned, indicating plaintiff was no longer at his address of record, Pinckneyville Correctional Center. **(Doc. 12).** Obviously, plaintiff failed to comply with the requirement that he keep the Court informed of his current address.

It is plaintiff's responsibility to keep the Court informed of his current address and to attend scheduled hearings or conferences. It has been held that dismissal for want of prosecution

may be justified by a plaintiff's failure to appear for a pre-trial hearing.  ***Beshear v. Weinzapfel*, 474 F.2d 127 (7th Cir. 1973).**  Rule 41(b) of the Federal Rules of Civil Procedure also provides for dismissal when a party fails to comply with an order of the court.  ***Package Mach. Co. V. Hayssen Mfg. Co.*, 266 F.2d 56 (7th Cir. 1959).**  In addition, a federal district court possesses the inherent authority to dismiss an action for want of prosecution which it may exercise on its own motion when necessary to maintain the orderly administration of justice.  ***Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980).**

In light of plaintiff's failure to appear for the January 5, 2006, hearing, this Court **RECOMMENDS** that plaintiff's case be dismissed, with prejudice, for want of prosecution, pursuant to **Fed.R.Civ.P. 41(b)**, and that judgment be entered accordingly.

**SUBMITTED:  January 5, 2006**

  s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**